# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHERYL  RE, Parent & Next Friend | ) | |
| for DAKOTAH  RE, A Minor; | ) | |
| and CHERYL  RE, Individually, | ) | |
| Plaintiffs | ) | |
| | ) | **CIVIL ACTION** |
| vs. | ) | No. |
| | ) | |
| ROBERT G. PALERMO;  CARL R. DELORME; | ) | |
| ERIC M. FOLEY, SR.;  JOHN E. DIMITRES; | ) | |
| DOUGLAS K. FLYNN;  RODNEY C.  COLLINS; | ) | |
| and THE TOWN OF MASHPEE; | ) | |
| Defendants | ) | |

## COMPLAINT

This is an action to recover damages arising under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically 42 U.S.C. Sect. 1983 and 1988; and provisions of Massachusetts state law, specifically Mass. General Laws, Chapter 12, Sect. 11I, against the individual defendants acting under color of law as police officers, and their employer the Town of Mashpee, for several violations of the Plaintiff's constitutional rights and related tortious acts against the Plaintiffs.

### A.    Jurisdiction

1.    Federal question jurisdiction over claims asserted herein, based on Defendants' violation of  Plaintiffs' Constitutional rights, lies in the United States District Court as provided by 42 U.S.C.. Sect.1983 and Sect. 1988, 28 U.S.C..  Sect. 1343(3), and 28 U.S.C.. Sect. 1331.

2.     Supplemental jurisdiction over Plaintiffs' Massachusetts state law claims, as asserted

herein, lies in the United States District Court under 28 U.S.C. Sect. 1367(a), where such

state law claims are so related to Plaintiffs' claims under 42 U.S.C. Sect. 1983 that they

form a part of the same case or controversy under Article III of the Constitution of the

United States; and as provided by F. R. Civ. P., Rule 18(a).

### B.     Parties

3.     The Plaintiff, Dakotah Re, is a minor who, at all times relevant as recited below, resided

with his mother in the Town of Mashpee, Barnstable County, Massachusetts, and is

represented in this action by his mother, Cheryl Re, as parent and next friend.

4.     The Plaintiff, Cheryl Re, is an adult individual who, at all times relevant as recited below,

resided in the Town of Mashpee, Barnstable County, Massachusetts.

5.     The Defendant, Robert G. Palermo, is an adult individual and is a resident of the Town

of Mashpee, Barnstable County, Massachusetts.

6      The Defendant, Carl R. Delorme, is an adult individual and is a resident of the Town

of Mashpee, Barnstable County, Massachusetts.

7.     The Defendant, Eric M. Foley, Sr., is an adult individual and is a resident of the Town

of Mashpee, Barnstable County, Massachusetts.

8.     The Defendant, John E. Dimitres, is an adult individual and is a resident of the Town

of Sandwich, Barnstable County, Massachusetts.

9.     The Defendant, Douglas K. Flynn, is an adult individual and is a resident of the Town of

Mashpee, Barnstable County, Massachusetts.

10.    The Defendant  Rodney C. Collins, is an adult individual and is a resident of the Village

of Forestdale, Barnstable County, Massachusetts.

11.     The Defendant, the Town of Mashpee, is a municipality located in Barnstable County, Massachusetts, existing and organized as such under the laws of the Commonwealth of Massachusetts.

## C.     Declaration of Facts

12.     At all times relevant to this Complaint, as mentioned herein, the individual Defendants, Palermo, Delorme, Foley, Dimitres and Flynn were employed as police officers by the Defendant Town of Mashpee and were acting under color of law while on duty, and the Defendant Collins was the Chief of Police responsible for managing the operations of the Mashpee Police Department.

13.     At all times relevant to this Complaint, as mentioned herein, the Defendant municipality, the Town of Mashpee, maintained and operated a municipal law enforcement authority, organized pursuant to Mass. General Laws. c.41, sect. 97, known as the Mashpee Police Department.

14.     All police officers employed by said Mashpee Police Department, including the individual Defendants herein, were authorized while on duty to perform the several and varied tasks customarily performed by police officers acting under color of law, including the investigation of crimes, obtaining warrants, making arrests, interrogating suspects and pressing charges against persons accused of criminal activity.

15.     At approximately 2:15 a.m. on November 15, 2008, three police cruisers belonging to the Defendant Town of Mashpee stopped outside the Plaintiff's home on Bog River Road, Mashpee, Massachusetts, with  blue and red lights flashing.

16.     At said time and place, the individual Defendants, Palermo, Delorme, Foley and Dimitre, together with several other unidentified Mashpee police officers, did arrive at and/or enter the Plaintiffs' Mashpee home in force for the purpose of arresting the minor Plaintiff Dakotah Re on several charges including vandalism, malicious damage to property, tagging, civil rights violations, hate crimes, and damage to a vehicle, and they did then and there take said minor into custody after  rousing the Plaintiffs from their nocturnal rest.

17.     The acts of vandalism, property damage, tagging, civil rights violations, hate crimes and damage to a vehicle as alleged, had all occurred at the residence of the Defendant Robert Palermo.

18.     At the time of said arrest, the Defendants had no reasonable cause to believe that the minor Plaintiff posed any threat to public safety or that the minor Plaintiff posed any risk of flight if not immediately apprehended or that there was any other cause why such an arrest, in force, might be necessary in the dead of night.

19.     The manner and timing of said arrest, with three police cruisers and seven or eight police officers, was calculated by the individual Defendants to terrorize the Plaintiffs, and to intimidate the minor Plaintiff in an attempt to induce from him a false confession under duress for the several offenses with which he was then charged.

20.     Prior to  said arrest, at approximately 1:30 a.m. on November 15, 2008,  the Defendants had obtained an arrest warrant from a clerk of the Falmouth District Court based on false allegations of fact which the Defendants knew, or had reason to know in the exercise of due care and good faith were false.

21.     At no time prior to or during the arrest did the Defendants  have any reliable information by which to establish probable cause to believe the minor Plaintiff was responsible for the several offenses with which he was charged, and they made no reasonable, *bona fide* effort to verify the information they had received from a single, highly unreliable informant, a known drug dealer with an extensive criminal record who was then himself under arrest facing serious, unrelated charges.

22.     At the time of said arrest, the Defendants did not conduct a search of the Plaintiffs' home for physical evidence to connect the minor Plaintiff to any of the offenses with which he was charged, and at no time before, during or after said arrest did  the Defendants obtain or even attempt to obtan  any such physical evidence to substantiate the  charges against the minor Plaintiff or to corroborate the allegations of their unreliable informant.

23**.**     During the incursion at Plaintiffs' home on November 15, 2010, one of the arresting Mashpee police officers verbally threatened to "get" the Plaintiff Cheryl Re, who is a single mother who works to support both herself and the minor Plaintiff Dakotah Re.

24.     At the time of the arrest, the Defendants took the minor Plaintiff Dakotah Re into custody, pulling him out of bed and handcuffing him, and then taking him to the Mashpee Police Headquarters.

25.     At the Mashpee Police Headquarters on November 15, 2008, in the presence of Defendant Palermo, the arresting officer, Defendant Delorme, read the Miranda rights to the minor Plaintiff, after which the Plaintiff Cheryl Re, as his custodial parent, refused to sign permission to interrogate him.

26.     At the Mashpee Police Headquarters on November 15, 2008, the Defendant Carl R.

Delorme stated to Plaintiff Cheryl Re that there were only two alternatives for her:

either tell her son to admit he was guilty and apologize, with her paying damages of

$300 for cleaning up Defendant Palermo's property; or the minor Plaintiff Dakotah

Re would be held without bail for the entire weekend and face serious charges in

court that would require that she hire an attorney and pay thousands of dollars in

legal fees and costs.

27.     The Plaintiff Cheryl Re refused to let her son Dakotah Re confess falsely to the charges

and admit to crimes he did not commit, or to pay any amount to Defendant Palermo for

damages her son did not commit.

28.     After booking the minor Plaintiff on November 15, 2008, the Defendants presented false

information to the bail commissioner as to the seriousness of the offenses charged and the

nature of the offenses on which they had information from the informant, knowing such

information to be false or with reason to know, intending thereby to have bail denied in

order to keep the minor Plaintiff in custody and thereby sustain the intimidation and

emotional distress caused by their conduct in an attempt to coerce a false confession.

29.     Based on the allegations that Defendants made to the bail commissioner as to the

seriousness of the offenses with which the minor Plaintiff was charged, bail was denied

as Defendants intended, and the  minor Plaintiff was then held without bail.

30.     At the Mashpee Police Station on November 15, 2008, the minor Plaintiff was isolated

in a holding cell for several hours, as three Mashpee police officers interrogated him

including Defendants DeLorme and Palermo in their continued effort to induce a false

confession, in violation of the minor's Fifth Amendment rights after his custodial parent,

Plaintiff Cheryl Re, had refused to sign her consent to such interrogation.

31.    Said interrogation in isolation on November 15, 2008, included harassment and threats

that the minor Plaintiff would be incarcerated for a year, during which time he would be

raped and become someone's "bitch," all of which was calculated by the Defendants

to continue the intimidation, coercion and inducement of emotional distress that began with

the late night arrest in force at the Plaintiffs' home.

32.    Between 3 a.m. and 6 a.m., on November 15, 2008, the minor Plaintiff was transported

from Mashpee Police Headquarters to the Juvenile Detention facility in New Bedford,

MA, over fifty miles from his home, where he was detained over the weekend before being

brought to court for arraignment.

33.    Beginning with his booking at the Mashpee Police Headquarters, the minor Plaintiff

was incarcerated for a period of seventy-two hours, and denied contact with his mother,

which was intended by Defendants to intimidate the minor Plaintiff and cause severe

emotional distress; and which did cause severe emotional distress for both the minor

Plaintiff, Dakotah Re, and his mother, Plaintiff Cheryl Re.

34.    The timing of the arrest, after midnight on a Friday when there was no urgency

either as to public safety or risk of flight, was calculated solely by the Defendants to

deprive the minor Plaintiff of his right to bail and a prompt and fair bail hearing by the

Court, and did so deprive the minor Plaintiff of such rights as intended.

35.    The manner and timing of the arrest, with several police officers entering the Plaintiffs'

home after midnight, in the complete absence of any danger to public safety or risk of

flight, was intended by the Defendants to intimidate and coerce both the minor Plaintiff

Dakotah Re, and Plaintiff Cheryl Re as a single mother, for the purpose of wrongfully coercing a false confession from the minor Plaintiff.

36.    The manner and timing of the arrest, with several police officers entering the Plaintiffs' home after midnight, in the complete absence of any danger to public safety or risk of flight, was intended by the Defendants to induce severe emotional distress on both the minor Plaintiff Dakotah Re, and Plaintiff Cheryl Re as a single mother; and it did induce such severe emotional distress as to both Plaintiffs.

37.    On November 17, 2008, the minor Plaintiff was brought to Falmouth District Court, where the Defendant Douglas Flynn as complaining party  caused him to be kept in isolation for two hours.

38.    On November 17, 2008, at Falmouth District Court, the Defendant Douglas Flynn did swear to and file several delinquency complaints against the  minor Plaintiff, alleging vandalism in violation of M.G.L., c.266, Sect. 127, tagging in violation of M.G.L., c.266, Sect. 126B, damage to a building in violation of M.G.L.,  c.266, Sect. 104, defacement of real property in violation of M.G.L., c.266, Sect. 126A, and damage to a vessel in violation of M.G.L. c.266, Sect. 103.

39.    At the time of swearing to the several complaints at the minor Plaintiff's arraignment on November 17, 2008, the Defendant Douglas Flynn had no personal knowledge and no reasonable basis or probable cause to believe the minor Plaintiff had in fact committed any of the several crimes alleged other than the unsubstantiated report of a known felon with a long criminal record.

40.     On November 17, 2008, the Defendants did not charge the minor Plaintiff with any

offense  alleging a hate crime or civil rights violation or any other more serious charges

which had been falsely sworn to by the arresting officers before obtaining the arrest

warrant from the Clerk and again before the bail commissioner after midnight on

November 15, 2008.

41.     The failure of Defendants to charge the minor Plaintiff at arraignment with any offense

alleging a hate crime or civil rights violation on November 17, 2008, stands as an admission

that they   had no reasonable grounds on which to base such more serious charges when

Defendant Foley obtained the arrest warrant, and then had bail denied by alleging such

offenses on November 15, 2008.

42.     The failure of Defendants to charge the minor Plaintiff at arraignment with any offense

alleging a hate crime or civil rights violation on November 17, 2008, establishes that

such allegations were made to the Clerk and the bail commissioner on November 15,

2008,  knowingly and intentionally exaggerating the seriousness of the charges against

the minor Plaintiff as based on the informant's allegations, in order to have bail denied

and then keep the minor Plaintiff wrongfully in custody, isolated from his parent, thereby

inducing duress and emotional distress in the attempt to coerce a false confession from

him.

43.     At arraignment on November 17, 2008, the Court issued a complaint on the several simple

vandalism counts to which Defendant had sworn, and then the minor Plaintiff was

released on personal recognizance as was appropriate to the charges.

44.     Later that evening, on November 17, 2008, a Mashpee Police cruiser stopped in front of the Plaintiffs' home on Bog River Road twice, shining its spotlight onto each of the windows on the front of Plaintiff's home in a continuing effort to harass both of the Plaintiffs as was threatened earlier in the day at the courthouse.

45.     On November 18, 2008, the Plaintiff Cheryl Re went with her father to the Mashpee Police headquarters to complain of the treatment received by both the minor Plaintiff and herself at the hands of several Mashpee Police officers as described above, speaking with Lieutenant Reid, asking that he convey the complaint to the Chief of Police, Defendant Collins, requesting that the Chief call her to discuss the conduct of the officers involved, and she followed up on that request with several calls to Defendant Collins, leaving messages for him to return her call.

46.     No call back was made by Defendant Collins regarding Plaintiff's complaint and her several calls, which was in furtherance of the Department's policy of condoning or, at best, deliberate indifference to the abusive conduct of the several Mashpee Police officers, in violation of the Plaintiffs' civil rights, as described herein.

47.     On November 30, 2008, not having heard back from Defendant Collins on her complaint, the Plaintiff Cheryl Re filed a written "Citizen Complaint" regarding the Mashpee Police Department misconduct with the Town of Mashpee.   A true copy of said Citizen's Complaint is attached hereto as Exhibit A, and is incorporated herein by reference.

48.     At said time, after receiving the citizens complaint, Lieutenant Reid called the Plaintiff Cheryl Re and met with her at the Mashpee Police Department where he took an audio taped statement from her, with her then attorney present.

**-10-**

49.     After giving the taped statement to Lieutenant Reid, the Plaintiff Cheryl Re called

the administrator's office at Mashpee Town Hall to complain that the Defendant Collins,

as Chief of Police, had not returned her calls prior to her submitting a written complaint.

50.     After filing the written citizen complaint and giving the taped statement, the Plaintiff

Cheryl Re received a call from said Lieutenant Reid, informing her that he had been

directed by the Defendant Collins to call her to advise that the officers involved in

the arrest had been "reprimanded," but he was not at liberty to say in what manner.

51.     After hearing back from Lieutenant Reid, the Plaintiff Cheryl Re received an angry call

from the Defendant Collins who then yelled at her and threatened her for having called

the Town Administrator's office about Defendant Collins' inaction on her oral complaint.

52.     Further proceedings on the aforesaid criminal charges were held in the Falmouth District

Court on December 19, 2008, February 6, 2009, February 13, 2009,  April 3, 2009, May 8,

2009, and July 10, 2009, requiring that the Plaintiff Cheryl Re take time off from work on

several dates to attend such proceedings as she incurred legal bills exceeding $10,000.

53.     On October 16, 2009, the charges against the minor Plaintiff were dismissed on motion

by the Assistant District Attorney pursuant to *Nolle Prosequi,* based on the fact that there

was not then and there never had been any credible or reliable evidence to support either

the arrest on November 15, 2008, or prosecution of the charges filed  by the Defendant

Douglas Flynn on November 17, 2008.

54.     Despite the fact that the charges were dismissed against the Minor Plaintiff Dakotah

Re, the Defendant Palermo has informed his homeowner's insurer that the damage to

his home was caused by the Minor Plaintiff, and the insurer has therefore sought to

collect damages against the Plaintiff Cheryl Re as his custodial parent pursuant to

Massachusetts law, threatening suit if damages are not paid.

55.    The minor Plaintiff Dakotah Re is learning disabled and was enrolled in the ninth grade

as a 16 year old in the fall of 2008, but was suspended in November 2008, after the false

charges were filed against him by the Defendants.

56.    The minor Plaintiff was allowed back in school in January 2009, but because of the

disruption and suspension caused by the Defendants he was unable to keep up with

his schoolwork and failed to earn enough credits to advance to tenth grade.

57.    The minor Plaintiff dropped out of school after the end of the 2008-09 school year

rather than repeat the 9th grade as a 17 year old, as a direct and foreseeable result of the

Defendants' filing and prosecuting the false charges against him.

58.    During the eleven month period while the false charges were pending against the minor

Plaintiff, and continuing thereafter through June 2010, officers of the Mashpee Police

Department sustained a pattern of harassment against the Plaintiffs, including numerous

traffic stops without cause, intended only to harass and further intimidate the

Plaintiffs.

59.    As a result of the Defendants' conduct described herein, including the false arrest, the

malicious prosecution and the continued harassment, the Minor Plaintiff Dakotah Re has

been diagnosed with Post Traumatic Stress Disorder.

60.    As a result of the continued harassment by officers of the Mashpee Police Department,

the Plaintiff Cheryl Re was compelled to sell the family home on Bog River Road and

move out of the Town of Mashpee, relocating with the minor Plaintiff  Dakotah Re

to another community.

61.     All of the actions of the individual Defendants as described above were done jointly and

        severally as agents of the Defendant Town of Mashpee, in furtherance of a conspiracy to

        violate the Plaintiffs' civil rights, and were  the product of and in furtherance of a policy of

        tolerance of and/or deliberate indifference  toward the civil rights of  the Plaintiffs by the

        Defendant Town of Mashpee, through its Police Department.

**COUNT I:       Cheryl Re v. Palermo Violations 42 U.S.C. Section 1983**

62.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Robert

        G. Palermo is liable to the Plaintiff Cheryl Re for monetary damages under 42 U.S.C.,

        Section 1983, to compensate her for violations of her civil rights under the Fourth, Fifth and

        Fourteenth Amendments to the Constitution of the United States, and/or in violation with the

        other named Defendants of 18 U.S.C., Sect. 241, and Sect. 242, and is further liable to her

        for punitive damages.

**COUNT II:      Dakota Re v. Palermo Violations of 42 U.S.C. Section 1983**

63.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Robert

        G. Palermo is liable to the Minor Plaintiff Dakota  Re for monetary damages under 42

        U.S.C., Section 1983, to compensate him for violations of  his civil rights under the Fourth,

        Fifth and Fourteenth Amendments to the Constitution of the United States and/or in

        violation with the other named Defendants of 18 U.S.C., Sect. 241, and  Sect. 242, and is

        further liable to him for punitive damages.

**COUNT III:   Cheryl Re v. Palermo Violations of M.G.L. c.12, Sect. 11I**

64.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Robert

        G. Palermo is liable to the Plaintiff Cheryl Re for monetary damages under Mass.

        General Laws, Chapter 12, Section 11I, to compensate her for violations of her civil rights

under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the Massachusetts Declaration of Rights.

**COUNT IV:   Dakota Re v. Palermo Violations of of M.G.L. c.12, Sect. 11I**

65.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Robert G. Palermo is liable to the Minor Plaintiff Dakota Re for monetary damages under Mass. General Laws, Chapter 12, Section 11I, to compensate him for violations of his civil rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the Massachusetts Declaration of Rights.

**COUNT V:   Cheryl Re v. Palermo Intentional Infliction Of Emotional Distress**

66.     By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Robert G. Palermo is liable to the Plaintiff Cheryl Re for monetary damages to compensate her for intentional infliction of emotional distress and extreme duress, in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to her for punitive damages.

**COUNT VI:  Dakotah Re. v. Palermo Intentional Infliction of Emotional Distress**

67.     By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Robert G. Palermo is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate him for intentional infliction of emotional distress and extreme duress, in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to her for punitive damages.

**COUNT  VII:**  <u>**Dakotah Re v. Palermo False Arrest**</u>

68.     By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Robert

G. Palermo is liable to the Minor Plaintiff Dakotah Re for monetary damages to

compensate him for false arrest in violation of both common law and 18 U.S.C. Sect. 241

and Sect. 242, and is further liable to him for punitive damages.


**COUNT  VIII:**  <u>**Dakotah Re v. Palermo Malicious Prosecution**</u>

69.     By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Robert

G. Palermo is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate

him for malicious prosecution in violation of both common law and 18 U.S.C. Sect. 241 and

Sect. 242, and is further liable to him for punitive damages.

**COUNT IX:**   <u>**Cheryl Re v. DeLorme Violations 42 U.S.C. Section 1983**</u>

70.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Carl R.

DeLorme is liable to the Plaintiff Cheryl Re for monetary damages under 42 U.S.C.,

Section 1983, to compensate her for violations of her civil rights under the Fourth, Fifth and

Fourteenth Amendments to the Constitution of the United States, and/or in violation with the

other named Defendants of 18 U.S.C., Sect. 241, and Sect. 242, and is further liable to her

for punitive damages.

**COUNT X:**    <u>**Dakota Re v.  DeLorme Violations of 42 U.S.C. Section 1983**</u>

71.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Carl R.

DeLorme is liable to the Minor Plaintiff Dakota  Re for monetary damages under 42

U.S.C., Section 1983, to compensate him for violations of  his civil rights under the Fourth,

Fifth and Fourteenth Amendments to the Constitution of the United States and/or in violation with the other named Defendants of 18 U.S.C., Sect. 241, and Sect. 242, and is further liable to him for punitive damages.

**COUNT XI:   Cheryl Re v.  DeLorme Violations of M.G.L. c.12, Sect. 11I**

72.   By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Carl R. DeLorme is liable to the Plaintiff Cheryl Re for monetary damages under Mass. General Laws, Chapter 12, Section 11I, to compensate her for violations of her civil rights under  the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States  and under the Massachusetts Declaration of Rights.

**COUNT  XII:   Dakota Re v.  DeLorme Violations of of M.G.L. c.12, Sect. 11I**

73.   By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Carl R. DeLorme is liable to the Minor Plaintiff Dakota Re for monetary damages under Mass. General Laws, Chapter 12, Section 11I, to compensate him for violations of his civil rights under  the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the Massachusetts Declaration of Rights.

**COUNT  XIII:   Cheryl Re v  DeLorme Intentional Infliction Of Emotional Distress**

74.   By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Carl R. DeLorme is liable to the Plaintiff Cheryl Re for monetary damages to compensate her for intentional infliction of emotional distress and extreme duress, in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to her for punitive damages.

**-16-**

**COUNT  XIV:  <u>Dakotah Re. v.  DeLorme Intentional Infliction of Emotional Distress</u>**

75.    By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Carl R.

DeLorme is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate

him for intentional infliction of emotional distress and extreme duress, in violation of both

common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to her for

punitive damages.

**COUNT  XV:    <u>Dakotah Re v.  DeLorme False Arrest</u>**

76.    By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Carl R.

DeLorme is liable to the Minor Plaintiff Dakotah Re for monetary damages to

compensate him for false arrest in violation of both common law and 18 U.S.C. Sect. 241

and Sect. 242, and is further liable to him for punitive damages.

**COUNT  XVI:  <u>Dakotah Re v.   DeLorme Malicious Prosecution</u>**

77.    By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Robert

G. Palermo is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate

him for malicious prosecution in violation of both common law and 18 U.S.C. Sect. 241 and

Sect. 242, and is further liable to him for punitive damages.

**COUNT XVII:        <u>Cheryl Re v. Foley Violations 42 U.S.C. Section 1983</u>**

78.    By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Eric M.

Foley, Sr.,  is liable to the Plaintiff Cheryl Re for monetary damages under 42 U.S.C.,

Section 1983, to compensate her for violations of her civil rights under the Fourth, Fifth and

Fourteenth Amendments to the Constitution of the United States, and/or in violation with the other named Defendants of 18 U.S.C., Sect. 241, and Sect. 241, and is further liable to her for punitive damages.

**COUNT XVIII:**     **Dakota Re v. Foley Violations of 42 U.S.C. Section 1983**

79.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Eric M. Foley, Sr., is liable to the Minor Plaintiff Dakota Re for monetary damages under 42 U.S.C., Section 1983, to compensate him for violations of his civil rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and/or in violation with the other named Defendants of 18 U.S.C., Sect. 241, and Sect. 241, and is further liable to him for punitive damages.

**COUNT XIX:**     **Cheryl Re v. Foley Violations of M.G.L. c.12, Sect. 11I**

80.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Eric M. Foley, Sr., is liable to the Plaintiff Cheryl Re for monetary damages under Mass. General Laws, Chapter 12, Section 11I, to compensate her for violations of her civil rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the Massachusetts Declaration of Rights.

**COUNT XX:**     **Dakota Re v. Foley Violations of of M.G.L. c.12, Sect. 11I**

81.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Eric M. Foley, Sr., is liable to the Minor Plaintiff Dakota Re for monetary damages under Mass. General Laws, Chapter 12, Section 11I, to compensate him for violations of his civil rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the Massachusetts Declaration of Rights.

**COUNT XXI:   Cheryl Re v  Foley Intentional Infliction Of Emotional Distress**

82.   By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Eric M. Foley, Sr., is liable to the Plaintiff Cheryl Re for monetary damages to compensate her for intentional infliction of emotional distress and extreme duress, in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to her for punitive damages.

**COUNT XXII:   Dakotah Re. v.  Foley Intentional Infliction of Emotional Distress**

83.   By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Defendant Eric M. Foley, Sr., is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate  him for intentional infliction of emotional distress and extreme duress, in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to her for punitive damages.

**COUNT XXIII:        Dakotah Re v.  Foley False Arrest**

84.   By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Eric M. Foley, Sr.,is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate him for false arrest in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to him for punitive damages.

**COUNT XXIV:        Dakotah Re v.  Foley Malicious Prosecution**

85.   By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Eric M. Foley, Sr.,is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate him for malicious prosecution in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to him for punitive damages.

**COUNT XXV:**          **Cheryl Re v. Dimitres Violations 42 U.S.C. Section 1983**

86.      By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant John

Dimitres  is liable to the Plaintiff Cheryl Re for monetary damages under 42 U.S.C.,

Section 1983, to compensate her for violations of her civil rights under the Fourth, Fifth and

Fourteenth Amendments to the Constitution of the United States, and/or in violation with the

other named Defendants of 18 U.S.C., Sect. 241, and Sect. 242, and is further liable to her

for punitive damages.

**COUNT  XXVI:**          **Dakota Re v.  Dimitres Violations of 42 U.S.C. Section 1983**

87.      By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant John

Dimitres, is liable to the Minor Plaintiff Dakota  Re for monetary damages under 42

U.S.C., Section 1983, to compensate him for violations of  his civil rights under the Fourth,

Fifth and Fourteenth Amendments to the Constitution of the United States and/or in

violation with the other named Defendants of 18 U.S.C., Sect. 241, and  Sect. 242, and is

further liable to him for punitive damages.

**COUNT  XXVII:**     **Cheryl Re v.  Dimitres Violations of M.G.L. c.12, Sect. 11I**

88.      By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant John

Dimitres, is liable to the Plaintiff Cheryl Re for monetary damages under Mass.

General Laws, Chapter 12, Section 11I, to compensate her for violations of her civil rights

under  the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States

 and under the Massachusetts Declaration of Rights.

**COUNT  XXVIII:**   **Dakota Re v.  Dimitres Violations of of M.G.L. c.12, Sect. 11I**

89.      By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant John

Dimitres, is liable to the Minor Plaintiff Dakota Re for monetary damages under Mass.

General Laws, Chapter 12, Section 11I, to compensate him for violations of his civil rights

under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the Massachusetts Declaration of Rights.

**COUNT XXIX:   Cheryl Re v  Dimitres Intentional Infliction Of Emotional Distress**

90.   By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant John Dimitres., is liable to the Plaintiff Cheryl Re for monetary damages to compensate her for intentional infliction of emotional distress and extreme duress, in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to her for punitive damages.

**COUNT XXX:   Dakotah Re. v.  Dimitres Intentional Infliction of Emotional Distress**

91.   By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant John Dimitres., is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate  him for intentional infliction of emotional distress and extreme duress, in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to her for punitive damages.

**COUNT XXXI:          Dakotah Re v.  Dimitres False Arrest**

92.   By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant John Dimitres, is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate him for false arrest in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to him for punitive damages.

**COUNT XXXII:          Dakotah Re v.  Dimitres Malicious Prosecution**

93.   By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant John Dimitres, is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate him for malicious prosecution in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to him for punitive damages.

**COUNT XXXIII:**    **Cheryl Re v. Flynn Violations 42 U.S.C. Section 1983**

87.    By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Douglas

Flynn  is liable to the Plaintiff Cheryl Re for monetary damages under 42 U.S.C.,

Section 1983, to compensate her for violations of her civil rights under the Fourth, Fifth and

Fourteenth Amendments to the Constitution of the United States, and/or in violation with the

other named Defendants of 18 U.S.C., Sect. 241, and  Sect. 242, and is further liable to her

for punitive damages.

**COUNT  XXXIV:**    **Dakota Re v.  Flynn Violations of 42 U.S.C. Section 1983**

88.    By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Douglas

Flynn is liable to the Minor Plaintiff Dakota  Re for monetary damages under 42

U.S.C., Section 1983, to compensate him for violations of  his civil rights under the Fourth,

Fifth and Fourteenth Amendments to the Constitution of the United States and/or in

violation with the other named Defendants of 18 U.S.C., Sect. 241, and Sect. 242, and is

further liable to him for punitive damages.

**COUNT  XXXV:**   **Cheryl Re v.  Flynn Violations of M.G.L. c.12, Sect. 11I**

89.    By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Douglas

Flynn  is liable to the Plaintiff Cheryl Re for monetary damages under Mass.

General Laws, Chapter 12, Section 11I, to compensate her for violations of her civil rights

under  the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States

 and under the Massachusetts Declaration of Rights.

**COUNT XXXVI:   Dakota Re v.  Flynn Violations of of M.G.L. c.12, Sect. 11I**

90.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Douglas

Flynn, is liable to the Minor Plaintiff Dakota Re for monetary damages under Mass.

General Laws, Chapter 12, Section 11I, to compensate him for violations of his civil rights

under  the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States

and under the Massachusetts Declaration of Rights.

**COUNT XXXVII:   Cheryl Re v  Flynn Intentional Infliction Of Emotional Distress**

91.     By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Douglas

Flynn, is liable to the Plaintiff Cheryl Re for monetary damages to compensate her

for intentional infliction of emotional distress and extreme duress, in violation of both

common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to her for

punitive damages.

**COUNT XXXVIII:   Dakotah Re. v.  Flynn  Intentional Infliction of Emotional Distress**

92.     By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Douglas

Flynn is liable to the Minor Plaintiff Dakotah Re for monetary damages to

compensate  him for intentional infliction of emotional distress and extreme duress, in

violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to

her for punitive damages.

**COUNT XXXIX:      Dakotah Re v.  Flynn False Arrest**

93.     By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Douglas

Flynn, is liable to the Minor Plaintiff Dakotah Re for monetary damages to

compensate him for false arrest in violation of both common law and 18 U.S.C. Sect. 241

and Sect. 242, and is further liable to him for punitive damages.

**COUNT  XL:**        <u>Dakotah Re v.  Flynn  Malicious Prosecution</u>

94.     By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Douglas

Flynn is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate

him for malicious prosecution in violation of both common law and 18 U.S.C. Sect. 241 and

Sect. 242, and is further liable to him for punitive damages.

**COUNT XLI:**        <u>Cheryl Re v. Collins Violations 42 U.S.C. Section 1983</u>

87.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Rodney

Collins is liable to the Plaintiff Cheryl Re for monetary damages under 42 U.S.C.,

Section 1983, to compensate her for violations of her civil rights under the Fourth, Fifth and

Fourteenth Amendments to the Constitution of the United States, and/or in violation with the

other named Defendants of 18 U.S.C., Sect. 241, and  Sect. 242, and is further liable to her

for punitive damages.

**COUNT  XLII:**        <u>Dakota Re v.  Collins Violations of 42 U.S.C. Section 1983</u>

88.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Rodney

Collins is liable to the Minor Plaintiff Dakota  Re for monetary damages under 42

U.S.C., Section 1983, to compensate him for violations of  his civil rights under the Fourth,

Fifth and Fourteenth Amendments to the Constitution of the United States and/or in

violation with the other named Defendants of 18 U.S.C., Sect. 241, and Sect. 242, and is

further liable to him for punitive damages.

**COUNT  XLIII:**    <u>Cheryl Re v.  Collins Violations of M.G.L. c.12, Sect. 11I</u>

89.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Rodney

Collins  is liable to the Plaintiff Cheryl Re for monetary damages under Mass.

General Laws, Chapter 12, Section 11I, to compensate her for violations of her civil rights

under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the Massachusetts Declaration of Rights.

**COUNT XLIV:   Dakota Re v.  Collins Violations of of M.G.L. c.12, Sect. 11I**

90.     By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Rodney Collins, is liable to the Minor Plaintiff Dakota Re for monetary damages under Mass. General Laws, Chapter 12, Section 11I, to compensate him for violations of his civil rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the Massachusetts Declaration of Rights.

**COUNT XLV:   Cheryl Re v  Collins Intentional Infliction Of Emotional Distress**

91.     By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Rodney Collins, is liable to the Plaintiff Cheryl Re for monetary damages to compensate her for intentional infliction of emotional distress and extreme duress, in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to her for punitive damages.

**COUNT XLVI:   Dakotah Re. v.  Collins  Intentional Infliction of Emotional Distress**

92.     By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Rodney Collins is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate him for intentional infliction of emotional distress and extreme duress, in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to her for punitive damages.

**COUNT  XLVII:**        **Dakotah Re v.  Collins False Arrest**

93.      By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Rodney

Collins, is liable to the Minor Plaintiff Dakotah Re for monetary damages to

compensate him for false arrest in violation of both common law and 18 U.S.C. Sect. 241

and Sect. 242, and is further liable to him for punitive damages.

**COUNT  XLVIII:**        **Dakotah Re v.  Collins  Malicious Prosecution**

94.      By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Rodney

Collins is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate

him for malicious prosecution in violation of both common law and 18 U.S.C. Sect. 241 and

Sect. 242, and is further liable to him for punitive damages.

**COUNT XLIX:**        **Cheryl Re v. Town of Mashpee Violations 42 U.S.C. Section 1983**

95.      By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Town

of Mashpee is liable to the Plaintiff Cheryl Re for monetary damages under 42 U.S.C.,

Section 1983, to compensate her for violations of her civil rights under the Fourth, Fifth and

Fourteenth Amendments to the Constitution of the United States, and/or in violation with the

other named Defendants of 18 U.S.C., Sect. 241, and  Sect. 242, and is further liable to her

for punitive damages.

**COUNT  L:   Dakota Re v.  Town of Mashpee Violations of 42 U.S.C. Section 1983**

96.      By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Town

of Mashpee is liable to the Minor Plaintiff Dakota  Re for monetary damages under 42

U.S.C., Section 1983, to compensate him for violations of  his civil rights under the Fourth,

Fifth and Fourteenth Amendments to the Constitution of the United States and/or in violation with the other named Defendants of 18 U.S.C., Sect. 241, and Sect. 241, and is further liable to him for punitive damages.

**COUNT LI:** **Cheryl Re v.  Town of Mashpee Violations of M.G.L. c.12, Sect. 11I**

97.   By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Town of Mashpee is liable to the Plaintiff Cheryl Re for monetary damages under Mass. General Laws, Chapter 12, Section 11I, to compensate her for violations of her civil rights under  the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the Massachusetts Declaration of Rights.

**COUNT LII:** **Dakota Re v.  Town of Mashpee Violations of of M.G.L. c.12, Sect. 11I**

98.   By reason of the matters stated in Paragraphs 1 through 61, above, the Defendant Town of Mashpee is liable to the Minor Plaintiff Dakota Re for monetary damages under Mass. General Laws, Chapter 12, Section 11I, to compensate him for violations of his civil rights under  the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the Massachusetts Declaration of Rights.

**COUNT LIII:** **Cheryl Re v  Town of Mashpee Intentional Infliction Of Emotional Distress**

99.   By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Town of Mashpee is liable to the Plaintiff Cheryl Re for monetary damages to compensate her for intentional infliction of emotional distress and extreme duress, in violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to her for punitive damages.

**COUNT  LIV:   <u>Dakotah Re. v.  Town of Mashpee  Intentional Infliction of Emotional Distress</u>**

100.   By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Town

of Mashpee is liable to the Minor Plaintiff Dakotah Re for monetary damages to

compensate  him for intentional infliction of emotional distress and extreme duress, in

violation of both common law and 18 U.S.C. Sect. 241 and Sect. 242, and is further liable to

her for punitive damages.

**COUNT  LV:    <u>Dakotah Re v. Town of Mashpee False Arrest</u>**

101.   By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Town

of Mashpee is liable to the Minor Plaintiff Dakotah Re for monetary damages to

compensate him for false arrest in violation of both common law and 18 U.S.C. Sect. 241

and Sect. 242, and is further liable to him for punitive damages.

**COUNT  LVI:        <u>Dakotah Re v.  Town of Mashpee  Malicious Prosecution</u>**

102.   By reason of the matters stated in Paragraphs 1 through 61 above, the Defendant Town

of Mashpee is liable to the Minor Plaintiff Dakotah Re for monetary damages to compensate

him for malicious prosecution in violation of both common law and 18 U.S.C. Sect. 241 and

Sect. 242, and is further liable to him for punitive damages.


**WHEREFORE,  the Plaintiff's demand judgment and relief as follows:**

**<u>First, on Counts I, IX, XVII, XXV,  XXXIII,  XL1 and  XLIX :</u>**

Judgment for Plaintiff Cheryl Re against the Defendants, jointly and severally, for violation of

and/or conspiracy to violate her civil rights under 42 U.S.C., Sect. 1983 and/or 18 U.S.C.

Sect. 241 and 242, for compensatory damages of $250,000.00 and punitive damages of $500,000,

plus interest and such costs and attorneys fees as are allowed by law;

**Second, on Counts III, XI, XIX, XXVII, XXXV, XLIII and LVI :**

Judgment for Plaintiff Cheryl Re against the Defendants, jointly and severally, for violation of her civil rights under  Mass. General Laws, Chapter 12, Section 11I, for compensatory damages of $250,000.00   plus interest and such costs and attorneys fees as are allowed by law;

**Third, on Counts V, XIII, XXI, XXIX, XLV and LIII:**

Judgment for Plaintiff Cheryl Re against the Defendants, jointly and severally, for intentional infliction of emotional distress, for compensatory damages of $250,000.00 and punitive damages of $500,000, plus interest and such costs and attorneys fees as are allowed by law;

**Fourth, on Counts II, X, XVIII, XXVI, XXXIV, XLII and L :**

Judgment for Plaintiff Dakotah Re against the Defendants, jointly and severally, for violation of and/or conspiracy to violate his civil rights under 42 U.S.C., Sect. 1983 and/or 18 U.S.C. Sect. 241 and 242, for compensatory damages of $500,000.00 and punitive damages  of $500,000.00, plus interest and such costs and attorneys fees as are allowed by law;

**Fifth, on Counts IV, XII, XX, XXVIII, XXXVI,  XLIV and LII :**

Judgment for Plaintiff Dakotah Re against the Defendants, jointly and severally, for violation of his  civil rights under  Mass. General Laws, Chapter 12, Section 11I, for compensatory damages of $500,000.00   plus interest and such costs and attorneys fees as are allowed by law;

**Sixth, on Counts VI, XIV, XXII, XXX, XXXVIII, XLVI and LIV :**

Judgment for Plaintiff  Dakotah Re against the Defendants, jointly and severally, for intentional infliction of emotional distress, for compensatory damages of $500,000.00 and punitive damages of $500,000.00, plus interest and such costs and attorneys fees as are allowed by law;

**Seventh, on Counts VII, XV, XXIII, XXXI, XXXIX, XLVII and LV :**

Judgment for Plaintiff Dakotah Re against the Defendants, jointly and severally, for false arrest, for compensatory damages of $500,000.00 and punitive damages of $500,000.00, plus interest and such costs and attorneys fees as are allowed by law;

**Eighth, on Counts VIII, XVI, XXIV, XXXII, XL, XLVIII and LVI :**

Judgment for Plaintiff Dakotah Re against the Defendants, jointly and severally, for malicious prosecution, for compensatory damages of $500,000.00 and punitive damages of $500,000.00, plus interest and such costs and attorneys fees as are allowed by law; and

**Ninth, on the Complaint:** Such other relief as the Court may grant on the facts as pleaded herein and the law.

**JURY DEMAND:** **Plaintiffs demand trial by jury on all issues.**

For the Plaintiffs
Cheryl Re and Dakotah Re
By Their Attorney

*Richard K. Latimer*

_____

Richard K. Latimer
 BBO #287840

222 Main Street, Suite 204
Falmouth, MA  02540
(508) 548-7006

e-mail rklaw@cape.com